IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 18 2000

Robert M. March
CLERK

WILLIAM-GEORGE: KNIGHT,

    Plaintiff,

v.      No. CIV-00-1151 LH/REB

THE STATE OF NEW MEXICO,
DEBORAH DAVIS WALKER,
ELIZABETH P. KNIGHT,
JUDITH A. HUMPHREY,
GREGORY G. VELASQUEZ,
LITTLE, GILMAN-TEPPER, & VELASQUEZ,

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review this pro se Plaintiff's complaint and supplements thereto (Doc. #11 & 13) (together the "complaint"), and to consider the motion for summary judgment (Doc. #3) filed August 31, 2000, by Defendant Walker.[1] The Court has the discretion *sua sponte* to dismiss frivolous or incomprehensible claims. *Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("little doubt" of court's power to dismiss a "frivolous or malicious" action even without authorization in 28 U.S.C. § 1915). The Court also may dismiss a complaint *sua sponte* under Fed.R.Civ.P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). In reviewing

---

[1] The motion was filed on behalf of the New Mexico Second Judicial District Court as well as Defendant Walker, who is a judge of that court. It does not appear to this Court that the Second Judicial District Court is named as a Defendant in the complaint.



a pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but is mindful that the complaint must be liberally construed. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). For the reasons below, Plaintiff's complaint will be dismissed.

The complaint's most obvious deficiency is its failure to comply with the requirements of Fed.R.Civ.P. 8(a). The terms of Rule 8 require a "short and plain statement of the claim . . . and . . . a demand for judgment for the relief the pleader seeks." The complaint runs to eighty-six single-spaced pages plus attachments and appears to assert claims of mail fraud, theft, libel, confiscation of rights, conspiracy, treason, and barratry. In the motion for summary judgment Defendant Walker alleges that Plaintiff's claims arise from his divorce proceeding in the New Mexico Second Judicial District Court, although the complaint only makes a single reference to that proceeding by its case number. Notwithstanding a great number of citations to laws and rules of procedure, the complaint makes no discernable specific factual allegations of wrongful conduct by Defendants. By its excessive length, convoluted linguistic style, and lack of factual allegations, the complaint fails to meet the requirement of a short and plain statement of claims. And second, the relief sought is not identified.

Furthermore, even given a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21(1972); *Northington*, 973 F.2d at 1520-21; *Brown v. Smith*, 828 F.2d 1493, 1494 (10th Cir. 1987), Plaintiff's complaint fails to state claims upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). A pro se complaint may be dismissed if it "lacks any legal or factual specificity which would allow [a court] reasonably to read the pleadings as stating a recognized claim." *Gregory v. United States*, 942 F.2d 1498, 1500 (10th Cir. 1991) (citing *Hall*, 935 F.2d at 1109-10). Even pro se litigants must have some minimal level of factual support for their claims, *see Frazier v. DuBois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990), and a complaint may not be merely conclusory. *See id.; Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir. 1968) ("State proceedings do not become civil rights matters by generalized, not to mention

unsupported, allegations...."), *quoted in Assoc. Fin. Serv. Co. of New Mexico, Inc. v. Rodriguez*, No. 93-2194, 1994 WL 209818, at **1 (10th Cir. 1994). The complaint states no claims against Defendants and will be dismissed. Plaintiff will be allowed to file an amended complaint, and failure to comply with this order or the terms of Rule 8 may result in dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's complaint and supplements thereto (Doc. #11 & 13) are DISMISSED; within fifteen (15) days from entry of this order, Plaintiff may file an amended complaint containing a short and plain statement of his factual allegations and claims, and of the relief sought, in compliance with Fed.R.Civ.P. 8(a);

IT IS FURTHER ORDERED that a ruling on the motion for summary judgment (Doc. #3) filed August 31, 2000, is DEFERRED pending consideration of an amended complaint.

UNITED STATES DISTRICT JUDGE